**NIKE, INC., an Oregon corporation, Plaintiff,**

v.

**The INTERLAKE COMPANIES, INC., a Delaware corporation, Defendant.**

**Civil No. 96–495–FR.**

United States District Court, D. Oregon.

Nov. 1, 1996.

W.A. Jerry North and Joshua L. Palmer, Schwabe, Williamson & Wyatt, Portland, Oregon, for Plaintiff.

Edwin C. Perry and Don H. Marmaduke, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, Oregon, for Defendant.

## OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the defendant's motion to amend order (# 40).

## BACKGROUND

On August 5, 1996, this court entered an opinion and order denying the defendant's motion for summary judgment and granting the plaintiff's cross-motion for summary judgment. The defendant, The Interlake Companies, Inc. (Interlake), had moved the court for an order of summary judgment in its favor on the grounds that the agreement between it and the plaintiff, NIKE, Inc. (NIKE), contained a three-year limitation on any claim of any kind, and that NIKE had failed to commence this action within this three-year period. NIKE moved the court for an order of summary judgment in its favor on Interlake's claim regarding the three-year limitation provision on the grounds that the unsigned standard form of contract which contained this three-year provision was not a part of the agreement between the parties.

This court concluded that "the unsigned 'Agreement for Material Handling System' is not a part of Interlake's Proposal # W–800–1059 and was not incorporated into the 'Agreement for Material Handling System' by the reference in NIKE's purchase order to 'Interlake Proposal No. W–800–1059 dated 8/7/91.'" Opinion, August 5, 1996, p. 4.

## CONTENTIONS OF THE PARTIES

Interlake moves this court to amend the order of August 5, 1996 wherein the court granted NIKE's cross-motion for partial summary judgment and denied Interlake's motion for summary judgment to include the language that the order of August 5, 1996 can be immediately appealed pursuant to 28 U.S.C. § 1292(b). Interlake suggests the following language: "This order involves controlling question of laws [sic] as to which there is substantial ground for difference of opinion and an immediate appeal from the Order may materially advance the ultimate termination of the litigation." Defendant's Motion to Amend Order, p. 1.

Interlake contends that an appeal at this juncture could ultimately save the parties and the court substantial time and expense and could materially affect the outcome of this litigation. Interlake contends that its position is that the three-year limitation period is a part of the agreement of the parties, and if this position is adopted on appeal, this litigation could be concluded with little discovery. In addition, Interlake contends that its position that the agreement is ambiguous as to whether the three-year limitation period is a part of the agreement of the parties, if adopted on appeal, would significantly change the discovery process and the issues at trial.

NIKE opposes the motion to amend on the grounds that an interlocutory appeal would merely delay the ultimate resolution of the case and add unnecessary expense. NIKE contends that there are no exceptional circumstances in this case which would justify an interlocutory appeal.

## APPLICABLE LAW

In *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir.1982), the court stated:

When a party seeks a section 1292(b) interlocutory appeal, the court of appeals must undertake a two-step analysis. First, we must determine whether the district court has properly found that the certification requirements of the statute have been met. These certification requirements are: (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation. If we conclude that the requirements have been met, we may, but need not, exercise jurisdiction. The second step in our analysis is therefore to decide whether, in the exercise of the discretion granted us by the statute, we want to accept jurisdiction. The United States Court of Appeals for the Ninth Circuit went on to say that "all that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Id.* However, the Court of Appeals concluded that the decision of the district judge to disqualify himself was an issue collateral to the basic issues of the lawsuit, and that "[a]t best, all that can be said is that if the recusal decision was erroneous and can be overturned immediately upon appeal, some time at the district court level may ultimately be saved." *Id.* at .1027. The Court of Appeals stated:

> Some courts have adopted the view that a question is controlling if it is one the resolution of which may appreciably shorten the time, effort, or expense of conducting a lawsuit.... We reject this approach. Congress could easily have chosen only to require that a question materially advance the litigation in order for it to be immediately reviewable. Since Congress chose to add the additional requirement that the issue for which review is sought must be a "controlling question of law," it would be improper for us to construe the statute as though these two requirements were interchangeable.
>
> In conclusion, it is difficult for us to think of a question which is more separable from and collateral to the merits of this lawsuit than is the question of Judge Muecke's recusal decision. Since an appel-

late decision that recusal was improper could in no way materially affect the outcome of the litigation, we cannot view the question as controlling. The precedent in this circuit has recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases, and that the "controlling question of law" requirement be interpreted in such a way to implement this policy.

*Id.* (footnote omitted).

## ANALYSIS AND RULING

The resolution of this case on appeal could materially advance the ultimate termination of the litigation. However, the Court of Appeals in *In re Cement Antitrust Litigation* concluded that this is not the only inquiry "[s]ince Congress chose to add the additional requirement that the issue for which review is sought must be a 'controlling question of law.'" 673 F.2d at 1027. The resolution of the issue certified for interlocutory appeal must materially affect the outcome of the litigation, not only its duration. *Id.* The court finds that the resolution of the issue certified for interlocutory appeal in this case may affect the duration of this litigation, but will not materially affect the ultimate resolution of the case on the merits.

IT IS HEREBY ORDERED that Interlake's motion to amend order (# 40) is DENIED.